Yitzchak Zelman, Esq.
*Pro Hac Vice To Be Filed*
New York State Bar Number: 5086509
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:   (732) 695-3282
Fax:     (732)298-6256
Email:   yzelman@marcuszelman.com
*Attorney for Plaintiffs Kurt Vanloo and Tracy Vanloo*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Kurt Vanloo and Tracy Vanloo,**  **Plaintiffs,**  -against-  **PAR, Inc., Verve, A Credit Union, and Alpha Towing & Recovery Company, LLC,**  **Defendants.** | Civil Case Number:  <u>**CIVIL ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**</u> |

Plaintiffs Kurt Vanloo and Tracy Vanloo (hereinafter, "Plaintiffs"), both residents of Arizona, bring this complaint by and through the undersigned attorneys, against Defendants PAR, Inc., Verve, A Credit Union, and Alpha Towing & Recovery Company, LLC (hereinafter "Defendants").

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15

1

U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this action after the Defendants illegally repossessed their vehicle in breach of the peace, thereby violating Ariz. Rev. Stat. Ann. § 47-9609. Plaintiffs also bring a claim against Defendants Alpha and PAR, Inc. for illegally repossessing their vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiffs are seeking statutory damages, actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff Kurt Vanloo is a natural person and a resident of Surprise, Arizona and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff Tracy Vanloo is also a natural person and resident of Surprise, Arizona and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant PAR, Inc., is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Carmel, Indiana.

8. Upon information and belief, Defendant PAR, Inc. is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. Defendant PAR, Inc. is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant Verve, A Credit Union (hereinafter referred to as "Verve") is a credit union headquartered in Oshkosh, Wisconsin.

11. Defendant Alpha Towing & Recovery Company, LLC (hereinafter referred to as "Alpha"), is a repossession company, with its principal place of business in Phoenix, Arizona.

12. Defendant Alpha proudly advertises this fact on its website, stating that "our trucks are on the road for one thing, collateral recovery" and that "Repossession work is our specialty", with over 8,000 vehicles repossessed each year.

13. Defendant Alpha is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

14. Defendant Alpha is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

3

## ALLEGATIONS OF FACT

13. Plaintiffs repeat, reiterate and incorporate the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiffs owns a 2017 Kia Secona, which was financed with a loan through Verve.

15. The Plaintiffs purchased and used the Kia Sedona for their own personal use and enjoyment.

16. Sometime prior to June 8, 2022, the Plaintiffs fell behind on their obligations to Verve.

17. The Verve loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

18. As a result, Verve contracted with PAR, Inc. to repossess the Plaintiffs' vehicle.

19. Upon information and belief, PAR, Inc. does not perform any repossessions itself in Arizona, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Verve.

20. Upon information and belief, after being contracted by Verve to repossess the Plaintiffs' vehicle, PAR, Inc. arranged for Alpha to carry out the actual repossession.

4

21. At approximately 1:00 a.m. on June 8, 2022, Mr. Vanloo's dog began barking, alerting him to the fact that there was someone in his driveway.

22. Mr. Vanloo then saw that there was an individual in his driveway, hooking up his Sedona to a tow truck.

23. Mr. Vanloo confronted the person moving his vehicle, who – at that point – was attempting to secure the Plaintiffs' vehicle for the trip to the repo yard.

24. Mr. Vanloo asked this individual – identified as an employee of Alpha – whether he had any paperwork allowing him to repossess the vehicle. The individual responded that he did not.

25. Mr. Vanloo objected to the repossession, telling this individual that he could not take the vehicle.

26. The Defendants' representative advised Mr. Vanloo that he was taking the vehicle anyway, and that Mr. Vanloo should go get the keys if he wanted to remove his possessions.

27. Mr. and Mrs. Vanloo then went looking for the keys but were having difficulty finding them.

28. Mr. Vanloo again told the Defendants' representative to stop with the repossession, so he could at least remove his personal items from the locked vehicle.

29. The Defendants' representative then threatened to call the police.

30. The Defendants' representative then drove off with the Plaintiffs' vehicle and the possessions contained therein, damaging the Plaintiffs' driveway and the Plaintiffs' vehicle in the process.

31. Then, when Mr. Vanloo went to the tow yard to pick up his personal items, he discovered that the Defendants had breached the locks of the previously-locked vehicle, with several of his personal possessions now missing from the vehicle.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*
## (Against Alpha and PAR, Inc.)

32. Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Plaintiffs bring this Count against Defendants Alpha and PAR, Inc.

34. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

35. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(A) there is no present right to possession of the

      property claimed as collateral through an enforceable security interest; or

  (C) the property is exempt by law from such dispossession or disablement.

36. To repossess the Plaintiffs' vehicle, the Defendants breached the peace, in violation of Ariz. Rev. Stat. Ann. § 47-9609, which only allows repossessions that can be accomplished without force and without a breach of the peace.

37. The Defendants breached the peace by continuing with the repossession in the fact of Plaintiffs' repeated and unambiguous objections and by threatening to involve the police in the repossession.

38. As a result, the Defendants did not have the present right to possession of the Plaintiffs' vehicle once it breached the peace, and was prohibited from repossessing it.

39. As a result, the Defendants violated 15 USC § 1692f(6) when they repossessed the Plaintiffs' vehicle on June 8, 2022.

40. By illegally repossessing the Plaintiffs' vehicle in violation of the FDCPA, Defendants harmed the Plaintiffs, in subjecting the Plaintiffs to improper and deceptive collection activity, in violation of the Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being

subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. Defendants' illegal activity also harmed the Plaintiffs by causing them to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by damaging the Plaintiffs' property.

42. By reason thereof, Defendants Alpha and PAR, Inc. are liable to the Plaintiff' for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

43. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiffs suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiffs' property.

## COUNT II

**BREACH OF THE PEACE REPOSSESSION**
**Ariz. Rev. Stat. Ann. § 47-9609 *et seq.***
**(Against All Defendants)**

44. The Plaintiffs repeat and re allege the preceding paragraphs of this Complaint and incorporates the same herein.

45. Arizona only permits self-help repossession of consumer motor vehicles where possession can be obtained without breach of the peace.

*See,* Ariz. Rev. Stat. Ann. § 47-9609.

46. Defendants breached the peace when they continued to repossess the vehicle after Plaintiffs repeatedly and unambiguously objected to the vehicle's seizure, and when they threatened to involve the police in the repossession.

47. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Rand v. Porsche Fin. Servs.,* 216 Ariz. 424, 434, 167 P.3d 111, 121 (Ct. App. 2007). As such, Alpha's breach of the peace is imputed upon PAR, Inc. and Verve.

48. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiffs suffered damages including damage to their property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## **DEMAND FOR TRIAL BY JURY**

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

(a) awarding the Plaintiffs actual damages incurred;

(b) awarding the Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding the Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: August 2, 2022

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**